UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BILL FISCHER,** | Civil Action No. 19-14794 (CCC) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| **ATAMATED INC., et al.,** | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on the failure of *pro se* Plaintiff Bill Fischer to comply with Court orders and prosecute his case. For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice.

**BACKGROUND**

Plaintiff Bill Fischer ("Plaintiff") commenced this action on or about April 5, 2019 against Defendants ATAmated Inc., Bryan Persol, Williams Sonoma, and Wynright in the Superior Court of New Jersey, Law Division: Passaic County. *See* Dkt. No. 1-2. Defendants ATAmated Inc. ("ATAmated") and Bryan Persol, whose last name is actually spelled Peirsol, ("Mr. Peirsol") (collectively "Defendants") removed this action to the United States District Court for the District of New Jersey on July 8, 2019 on basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Dkt. No. 1. Defendants filed an Answer and Counter-Claims against Plaintiff on July 25, 2019. *See* Dkt. No. 2.

On August 14, 2019, the Court scheduled an in-person Initial Conference with the parties to take place on October 21, 2019. *See* Dkt. No. 7. Prior to the Initial Conference, on September 20, 2019, Defendants filed a request for entry of default against Plaintiff for his failure to plead or

1

otherwise defend against Defendants' Counter-Claims. *See* Dkt. No. 10. The Clerk of Court entered default against Plaintiff as Counter-Defendant on September 23, 2019.

On October 21, 2019, Defendants' counsel appeared for the Initial Conference; however, Plaintiff failed to appear. Due to Plaintiff's failure to appear, the Court adjourned the Initial Conference to December 20, 2019, directing Plaintiff to appear in-person and allowing Defendants' counsel to appear by phone. *See* Dkt. No. 14. On December 20, 2019, Defendants' counsel appeared by phone for the Initial Conference; however, Plaintiff failed to appear. Due to Plaintiff's failure to appear, the Court adjourned the Initial Conference to January 22, 2020 again directing Plaintiff to appear in-person and allowing Defendants' counsel to appear by phone. *See* Dkt. No. 15.

On January 22, 2020, Defendants' counsel appeared by phone for the Initial Conference, however, Plaintiff failed to appear for a third time. That same day, the Court issued an Order to Show Cause ("OTSC") after Plaintiff failed to appear in-person for the Initial Conference. *See* Dkt. No. 16. The OTSC required Defendants serve a copy of the OTSC on Plaintiff by certified mail, return receipt requested. *Id.* The OTSC also mandated that Plaintiff appear in-person before the Court on March 9, 2020 and submit a position paper no later than March 2, 2020. *Id.*

On January 27, 2020, Defendants filed a certification advising the Court that it served Plaintiff a copy of the Order to Show Cause by certified mail, return receipt requested at Plaintiff's last known addresses. Dkt. No. 17. March 2, 2020 came and went without any paper submission, or any other communication, from Plaintiff. Plaintiff then failed to appear for the OTSC hearing held on March 9, 2020.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to

respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.* This Court recognizes the strong policy favoring decisions on the merits barring substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that Plaintiff, appearing *pro se* in this action, is solely responsible for his failure to comply with Court orders and to prosecute his case. By failing to attend multiple in-person conferences, Plaintiff made it impossible to meaningfully participate in this litigation. Moreover, Defendants mailed Plaintiff the OTSC to Plaintiff's last known addresses, yet Plaintiff failed to submit a position paper and appear in-person for the OTSC hearing on March 9, 2020. By failing to communicate with the Court and failing to appear at the OTSC hearing, Plaintiff has effectively abandoned his case.

**2. Prejudice to Defendants.** Permitting Plaintiff's case to go forward when Plaintiff has demonstrated an apparent refusal to participate in advancing this case or comply with Court orders would cause manifest injustice to Defendants. Plaintiff initiated this action and has since failed to respond or appear pursuant to any Court orders. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. He failed to appear at the Initial Conferences scheduled for October 21, 2019, December 20, 2019, and January 22, 2020. Additionally, Plaintiff failed to submit a position paper on the required date, and he failed to appear at the OTSC hearing on March 9, 2020. Accordingly, Plaintiff's inaction in this matter supports dismissal.

**4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to Court orders and has failed to attend scheduled conferences before this Court. These circumstances, when taken as a whole, support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** Plaintiff's record of unresponsiveness suggests that alternative sanctions would be futile. Despite delaying this case for months and ordering Plaintiff to respond and appear, Plaintiff has not participated in prosecuting his case. No other sanction would be effective if Plaintiff does not heed them. *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim at this juncture.

In sum, Plaintiff did not appear in response to the Court's Order to make an appearance to

show cause why this case should not be dismissed. Plaintiff also failed to attend multiple in-person conferences scheduled by the Court. As such, Plaintiff's repeated failures to participate in this litigation and willful abandonment establish his inability to adequately prosecute this matter.

## CONCLUSION

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **13th** day of **March, 2020**,

**RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(b); and it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail to Plaintiff; and it is

**ORDERED** that Defendants' counsel shall serve a copy of this Order by certified mail, return receipt requested and regular mail to Plaintiff.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

                                    s/James B. Clark, III
                                **HONORABLE JAMES B. CLARK, III**
                                **UNITED STATES MAGISTRATE JUDGE**